```
                    United States District Court
                       District of Massachusetts
```

|  |  |
|---|---|
| M.J. MARTINS ENTERPRISES, INC., | ) |
|     Plaintiff, | ) |
| v. | )  Civil Case No. |
|  | )  10-11808-NMG |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | ) |
|     Defendant. | ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

M.J. Martins Enterprises, Inc. ("plaintiff") seeks federal judicial review of its reciprocal disqualification from the Supplemental Nutrition Assistance Program ("SNAP"), which was triggered by its prior disqualification from the Supplemental Nutrition Program for Women, Infants, and Children ("WIC").

I.   **Background**

Congress created SNAP to alleviate hunger and malnutrition among low-income households. See 7 U.S.C. § 2011 et seq.  SNAP establishes a system whereby participants receive financial assistance to purchase certain eligible food items from authorized retailers.  WIC is an outgrowth of SNAP which provides supplemental foods and nutrition education to special-risk pregnant, postpartum and breastfeeding women as well as infants and young children from families with inadequate incomes. See 42

U.S.C. § 1786(a).  The Food and Nutrition Service ("FNS") is the federal agency within the United States Department of Agriculture that administers WIC and SNAP through collaboration with state-level entities.

If a store fails to comply with the statutes and regulations governing the two programs, the FNS or an authorized state agency may disqualify the store from further SNAP or WIC participation. See 7 U.S.C. § 2021(a); 7 C.F.R. § 278.6(a).  A store disqualified from one of the two programs may be reciprocally disqualified from the other by the FNS without a separate adjudication of wrongdoing. See 7 U.S.C. § 2021(g); 42 U.S.C. § 1786(n).  If a store's disqualification would impose a hardship on households participating in the programs, the FNS may impose a civil monetary penalty ("CMP") in lieu of disqualification. 7 C.F.R. § 278.6(f).

## II.  Facts and Procedural History

Plaintiff operates a small grocery store in Brockton, Massachusetts called "Eastside Market."  In May 2005, plaintiff became eligible to participate in SNAP and WIC and began participating in both programs.

Between February and March 2008, the Massachusetts Department of Public Health ("MDPH") investigated the plaintiff for WIC violations and uncovered four incidents of overcharging. In June 2008, the MDPH notified the plaintiff of its

disqualification from WIC. In March 2009, the FNS notified the plaintiff of its reciprocal disqualification from SNAP and its ineligibility for a CMP. Plaintiff requested administrative review of the FNS's decision not to impose a CMP in lieu of disqualification. It was informed in September 2010 that the decision of the FNS was affirmed.

Plaintiff commenced this action against the FNS on October 22, 2010, seeking review of the final determination of the FNS disqualifying it from the SNAP program. Plaintiff contends that, by allegedly failing to give it advance written notice of the first incident of overcharging, the MDPH gave short shrift to 42 U.S.C. § 1786(f)(26):

> If a State agency finds that a vendor has committed a violation that requires a pattern of occurrences in order to impose a penalty or sanction, the State agency shall notify the vendor of the initial violation in writing prior to documentation of another violation, unless the State agency determines that notifying the vendor would compromise an investigation.

Because the underlying WIC disqualification was contrary to federal law, plaintiff hypothesizes, the reciprocal disqualification from SNAP by the FNS was consequently "arbitrary, capricious, and not supported by law." On May 15, 2012, plaintiff moved for judgment on the pleadings.

Initially, the defendant did not file a formal opposition to plaintiff's motion for judgment on the pleadings. It later alerted the Court to its memorandum of law filed in August 2011

entitled, "Defendant's memorandum of facts and law in opposition to the merits of plaintiff's complaint." Because that pleading addresses the perceived inadequacies of plaintiff's Complaint, the Court will treat it as a cross-motion for judgment on the pleadings. Defendant submits that its actions complied with federal laws and regulations and, more to the point, that the Court lacks subject-matter jurisdiction to review the reciprocal disqualification decision. In July 2012, defendant filed a formal opposition reiterating the concerns raised in its earlier memorandum of law.

### III. Availability of Judicial Review

The Court turns to the threshold question of whether it has subject-matter jurisdiction to hear plaintiff's appeal.

The statutory scheme provides for the federal judicial review of an adverse action taken by the FNS for the direct violation of SNAP, see 7 U.S.C. § 2023(a); 7 C.F.R. § 279.1, but does not authorize the review of a reciprocal disqualification from SNAP following an adverse action taken by a state agency for the direct violation of WIC, see 7 U.S.C. § 2021(g)(2)(C); Salmo v. United States, 226 F. Supp. 2d 1234, 1237 (S.D. Cal. 2002) ("Congress has unambiguously stated that decisions by the FNS disqualifying a store from participating in [SNAP] as a result of a prior WIC disqualification are not subject to administrative or judicial review."); Dasmesh v. United States, 501 F. Supp. 2d

1033, 1039 (W.D. Mich. 2007) (dismissing for lack of subject-matter jurisdiction plaintiff's challenge to its reciprocal SNAP disqualification). In light of the clear statutory command and uniform judicial consensus, this Court concludes that it lacks subject-matter jurisdiction to review the plaintiff's reciprocal disqualification from SNAP.

If plaintiff had challenged the FNS decision not to impose a CMP in lieu of disqualification, a matter not expressly exempt from judicial review, see 7 U.S.C. § 2021(g); 7 C.F.R. § 297.7(a), this Court might have had subject-matter jurisdiction to hear its appeal. Compare Dasmesh, 501 F. Supp. 2d at 1039 (dismissing plaintiff's reciprocal disqualification challenge but entertaining its appeal of the denial of a CMP), with Islam Corp. v. Johanns, No. 3:05-CV-00801-S, 2007 WL 1520930, *1-2 (W.D. Ky. May 21, 2007) (concluding that § 2021(g)(2)(C) bars challenges to reciprocal disqualifications and the attendant decision not to impose a CMP). Plaintiff's one-count Complaint does not expressly challenge the denial of a CMP, however, so the Court need not reach the issue. Any such appeal would not likely be meritorious, in any event, because the FNS retains the discretion to deny a CMP even if the statutory criteria are met. See 7 C.F.R. § 278.6(f) ("FNS may impose a civil money penalty as a sanction in lieu of disqualification.").

**ORDER**

In accordance with the foregoing,

1) defendant's motion for judgment on the pleadings (Docket No. 10) is **ALLOWED;**

2) plaintiff's motion for judgment on the pleadings (Docket No. 12) is **DENIED;** and

3) the Complaint (Docket No. 1) is **DISMISSED** for lack of subject-matter jurisdiction.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 2, 2012